UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA                                CIVIL ACTION

VERSUS                                            NO. 14-932

KYRON J. HUNTER                                   SECTION "I" (3)

REPORT AND RECOMMENDATION

Considering the application and affidavit to proceed <u>in</u> <u>forma</u> <u>pauperis</u>,

IT IS ORDERED that:
X    the motion is GRANTED; the party is entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.
☐    the motion is MOOT; the party was previously granted pauper status.
☐    the motion is DENIED; the party has sufficient funds to pay the filing fee.
☐    the motion is DENIED; the party is not entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u> for the listed reasons:

_____
_____

The Clerk of Court is directed to withhold summons for the following reasons.

*Pro se* defendant, Kyron J. Hunter, filed the above-captioned matter in this Court in which he seeks to remove to this Court his criminal prosecution for possession of marijuana, currently pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Case No.

1

13-02912.[1]  Hunter's Notice of Removal alleges that "[t]he state court has failed to recognize [his] nationality and status as a Moor and [his] protections [sic] under The Treaty of Peace and Friendship Between Morocco and The United States which is a violation of birthright and Executive Order 13107."

The Court has permitted Hunter to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review Hunter's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, Hunter's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

Hunter seeks to remove this criminal prosecution under 28 U.S.C. § 1455. However, the statutory provision for removal of criminal cases is 28 U.S.C. § 1443, which provides,

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[1] Hunter contends that the underlying state-court action is premised on his violation "of a contract through nonperformance of an obligation." However, this Court contacted the 24th Judicial District Court and learned that it is a criminal prosecution for the possession of marijuana.

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443(1)-(2). In *Williams v. Mississippi*, the Fifth Circuit discussed the Supreme Court's interpretations of the statute. 608 F.2d 1021 (5th Cir. 1979). In *Williams*, the Fifth Circuit read the high court's precedent to "make clear" that a removal under Section 1443(1) must satisfy a two-prong test. *See id.* at 1022. First, it must appear that the right allegedly denied arises under a federal law providing for specific civil rights stated in terms of racial equality. *See id.* Second, it must appear that the person seeking removal is denied or can not enforce those specific federal rights in the courts of the state. *See id.* That second element requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision. *See id.*; *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) ("This provision normally requires that the 'denial be manifest in a formal expression of state law,' such as a state legislative or constitutional provision." (citation omitted)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219.

Assuming for purposes of this opinion that Hunter has identified a right that arises under a federal law providing for specific civil rights stated in terms of racial equality (*i.e.*, The Treaty of Peace and Friendship Between Morocco and The United States and Executive Order 13107), the Court does not find that Hunter has demonstrated that he will be denied or can not enforce his rights in state court. Hunter points to no state legislative or constitutional provision that will prevent him from exercising his rights in state court. Hunter alleges only that the state-court judge never

3

addressed on the record his challenge to that court's jurisdiction. As noted above, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice." *Johnson*, 421 U.S. at 219. In short, Hunter can point to no federal law that confers on him the right to engage in the specific conduct with which he was charged (*i.e.*, possession of marijuana), and there is no federal statutory right that no state should even attempt to prosecute him for his conduct. *Id.* at 221. Accordingly, there is no basis for removal of the criminal prosecution pursuant to Section 1443.

The proper procedure for an accused to protect federal rights in a state-court criminal prosecution is to raise any federal defenses and arguments in the state court proceeding, in accordance with the rules and procedures that apply in the state courts. If the person is nonetheless convicted, he may appeal the conviction through the state-court system and then apply to the United States Supreme Court for a writ of certiorari. Once the state-court conviction is final, and not before then, the convicted person may file a petition for writ of habeas corpus in the federal court and ask the federal court to set aside the state-court conviction based on any errors of federal constitutional magnitude.

"The district court in which a notice of removal of a criminal prosecution is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). This Court has reviewed the notice of removal in light of applicable law and, for the reasons set forth above, finds that it does clearly appear on the face of the notice that removal should

not be permitted.[3]

Accordingly,

**IT IS RECOMMENDED** that this prosecution be REMANDED for lack of subject-matter jurisdiction to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 28th day of April, 2014.

                                                      **DANIEL E. KNOWLES, III**
                                                      **UNITED STATES MAGISTRATE JUDGE**

---

[3] As an additional reason to deny removal, the Court finds that the notice of removal is untimely. Hunter was initially arraigned in state court on October 29, 2013. He filed his notice of removal on April 22, 2014. Section 1455 requires that a notice of removal be filed no later than 30 days after arraignment in state court or at any time before trial, whichever is earlier. 28 U.S.C. § 1455(b)(1). The earlier date here is October 29, 2013, and Hunter filed the notice of removal more than 30 days after that date. And while subsection (b)(1) allows the Court to enter an order granting Hunter leave to file at a later time, Hunter has made no such showing that would incline the Court to exercise that discretion here.